## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | **3:09-md-02100-DRH-PMF**<br><br>**MDL No. 2100**<br><br>**ORDER** |

**This Document Relates to:**

| | |
|---|---|
| *Rachel Colletti, et al. v. Bayer Corp., et al.*[1] | No. 3:10-cv-11838-DRH-PMF |
| *Morgan Haley v. Bayer HealthCare Pharmaceuticals, Inc., et al.* | No. 3:10-cv-13534-DRH-PMF |
| *Katrina Lewis v. Bayer Corp., et al.* | No. 3:10-cv-12075-DRH-PMF |
| *Blanca Rodriguez v. Bayer Corp., et al.* | No. 3:10-cv-10015-DRH-PMF |
| *Denise Wilmoth and Michael Wilmoth v. Bayer Corp., et al.* | No. 3:10-cv-13706-DRH-PMF |
| *Ashten Luayne Wolfe, et al. v. Bayer Corp., et al.*[2] | No. 3:10-cv-20403-DRH-PMF |

### ORDER GRANTING
### MOTION TO DISMISS WITHOUT PREJUDICE

This matter is before the Court on defendant Bayer HealthCare Pharmaceuticals Inc.'s ("Bayer") motion, pursuant to Case Management Order 12 ("CMO 12"),[3] for an Order dismissing plaintiffs' claims in the above-captioned

---

[1] This order applies only to plaintiff Rachael Colletti.

[2] This order applies only to plaintiff Rachel Moore.

[3] The Parties negotiated and agreed to CMO 12, which expressly provides that the discovery required of plaintiffs is not objectionable.  CMO 12 § A(2).

matters without prejudice for failure to comply with their Plaintiff Fact Sheet ("PFS") obligations.

Under Section C of CMO 12, each plaintiff is required to serve defendants with a completed PFS, including a signed declaration, executed record release authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

Accordingly, plaintiffs in the above-captioned matters were to have served completed PFSs on or before July 3, 2011 (*Collette,* 3:10-cv-11838 Doc. 9-1).[4] Per Section E of CMO 12, Notice of Overdue Discovery was sent on or before July 29, 2011 (*Collette,* 3:10-cv-11838 Doc. 9-2). As of the filing of the present motion to dismiss, plaintiffs in the above-captioned matters still had not served completed PFSs. Plaintiffs' completed PFSs were thus more than two months overdue when Bayer filed its motion to dismiss.

Under Section E of CMO 12, **plaintiffs were given 14 days from the date of Bayer's motion**, in this case 14 days from August 30, 2011, to file a response either certifying that they served upon defendants and defendants

---

[4] Bayer filed identical motions to dismiss (and identical exhibits) in each of the above captioned cases. Accordingly, for ease of reference, when discussing the motion to dismiss the Court cites only to the motion filed in the *Collette* Case (3:10-cv-11838 Doc. 9, Doc. 9.1, and Doc. 9.2).

received a <u>completed</u> PFS, and attaching appropriate documentation of receipt or an opposition to defendant's motion.[5]

To date, none of the plaintiffs in the above captioned member actions has filed a response.  Because the plaintiffs in the above captioned cases have failed to respond to Bayer's allegations, the Court finds that these plaintiffs have failed to comply with the PFS obligations under CMO 12.  Accordingly, the Court hereby **ORDERS** as follows:

The following **member actions** are **DISMISSED** without prejudice for failure to comply with the requirements of CMO 12.

- *Morgan Haley v. Bayer HealthCare Pharmaceuticals, Inc., et al*. No. 3:10-cv-13534-DRH-PMF is dismissed without prejudice

- *Katrina Lewis v. Bayer Corp., et al*.  No. 3:10-cv-12075-DRH-PMF is dismissed without prejudice

- *Blanca Rodriguez v. Bayer Corp., et al*. No. 3:10-cv-10015-DRH-PMF is dismissed without prejudice

- *Denise Wilmoth and Michael Wilmoth v. Bayer Corp., et al.* No. 3:10-cv-13706-DRH-PMF is dismissed without prejudice

---

[5] Responses to Bayer's motion to dismiss were due 14 days from August 30, 2011 regardless of any response date automatically generated by CM/ECF.  The Court has previously noted in orders in this MDL and during a status conference in this MDL that **when deadlines provided by CM/ECF conflict with orders of this Court, the Court ordered deadline will always control**. *See* **United States District Court for the Southern District of Illinois, Electronic Filing Rules, Rule 3 (The "filer is responsible for calculating the response time under the federal and/or local rules. The date generated by CM/ECF is a guideline only, and, if the Court has ordered the response to be filed on a date certain, the Court's order governs the response deadline.").**  The deadlines provided by CM/ECF are generated automatically based on the generic responsive pleading times allowed under the rules and do not consider special circumstances (such as court orders specific to a particular case or issue).

The claims of the following **plaintiffs** are **DISMISSED** without prejudice for failure to comply with the requirements of CMO 12:

- The claims of **plaintiff Rachel Colletti** (*Rachel Colletti, et al. v. Bayer Corp., et al*. No. 3:10-cv-11838-DRH-PMF) are dismissed without prejudice

- The claims of **plaintiff Rachel Moore** (*Ashten Luayne Wolfe, et al. v. Bayer Corp., et al* No. 3:10-cv-20403-DRH-PMF) are dismissed without prejudice

        **Further,** the Court reminds plaintiffs that, pursuant to CMO 12 Section E, **unless plaintiffs serve defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon defendants' motion**.

**SO ORDERED**

Digitally signed by David R. Herndon
Date: 2011.09.23 10:33:01 -05'00'

**Chief Judge**                                   Date: **September 23, 2011**
**United States District Court**

4